716

**JIAN PING YANG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 05–1396–ag.

United States Court of Appeals, Second Circuit.

Oct. 25, 2007.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Jian Ping Yang, New York, NY, pro se.

Jim Letten, United States Attorney, Eastern District of Louisiana, Diane Hollenshead Copes, Assistant United States Attorney, Stephen A. Higginson, Chief of Appeals, New Orleans, LA, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Ping Yang, a native and citizen of the People's Republic of China, seeks review of a February 25, 2005 order of the BIA affirming the February 3, 2004 decision of Immigration Judge ("IJ") Alan Page, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Ping Yang*, No. A79 682 336 (B.I.A. Feb. 25, 2005), *aff'g* No. A79 682 336 (Immig. Ct. N.Y. City Feb. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

■ Here, the IJ's determination that Yang failed to meet his burden of proof with respect to his asylum claim is supported by substantial evidence. First, Yang did not establish that he suffered past persecution. Yang testified about only one incident in which he experienced any difficulty with the Chinese authorities on account of his practice of Christianity— the disruption of his baptismal ceremony by Chinese police officers. This incident could certainly be classified as harassment, but it does not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) ("[P]ersecution does not encompass mere harassment").

■ Moreover, Yang failed to establish that he had a well-founded fear of future persecution. Yang testified that his mother and brother had been arrested at a religious gathering in 1998 and held for two days. However, according to Yang, his mother, who still resides in China, has experienced no further difficulties with Chinese authorities since that arrest. Yang stated that he feared he would be arrested and imprisoned if he returned to China. However, given Yang's testimony that his mother has experienced no problems since her 1998 arrest and that he himself was never detained or harmed in any way by the Chinese authorities, there

is no objectively reasonable basis for Yang's fear. *See generally Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Because Yang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Yang's CAT claim rested upon the same factual predicate as his asylum and withholding claims, Yang was also necessarily unable to show the objective likelihood of torture required for a grant of CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

As the government notes, Yang waived any challenge to the IJ's adverse credibility determination by not sufficiently arguing that issue in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). While we have the power to address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002). Yang is proceeding *pro se,* and we construe a *pro se* litigant's arguments broadly. *See Weixel v. Bd. of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002). However, there is no need to excuse Yang's waiver in this case. Because the IJ's finding that Yang failed to meet his burden of proof was supported by substantial evidence and that finding was dispositive of all his claims, a review of the IJ's adverse credibility determination would not change the outcome of Yang's case. Thus, because manifest injustice will not result, we decline to review the IJ's adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. Yang's pending motion for a stay of removal in this petition is DISMISSED as moot.